**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**February 19, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Everett Frazier,**
**Commissioner of the West Virginia Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**vs.)  No. 20-0336** (Berkeley County 19-P-353)

**Cheryl L. Yoder,**
**Petitioner Below, Respondent**

# MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Janet E. James, appeals the order of the Circuit Court of Berkeley County, entered on March 25, 2020, which reversed the order of the Office of Administrative Hearings and reinstated the driving privileges of respondent Cheryl L. Yoder. Respondent appears by counsel B. Craig Manford.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

Respondent was arrested for driving under the influence of controlled substances ("DUI") from an offense on July 3, 2017.[1] Following this arrest, the Division of Motor Vehicles ("DMV") sent respondent two orders dated July 28, 2017, which revoked her personal and commercial driver's licenses. Respondent requested a hearing on the revocation of her licenses.

The Office of Administrative Hearings ("OAH") conducted an evidentiary hearing on October 4, 2018. Although petitioner subpoenaed the investigating officer and the processing officer to appear at the hearing, they did not appear at the hearing. Petitioner moved to continue the hearing because the officers failed to appear, but respondent objected. The OAH denied

---

[1] Inasmuch as we are reversing and remanding this case to the circuit court for further proceedings on grounds that do not bear on the circumstances surrounding respondent's traffic stop, they are not addressed in detail herein.

1

petitioner's motion to continue. Petitioner's agency documents, which included the DUI information sheet, the implied consent statement, and respondent's criminal complaint stemming from the July 3, 2017, arrest, were admitted into evidence. After presenting these documents, petitioner rested its case. Respondent testified that she was not taking any narcotic drugs on the night of the arrest and she offered three exhibits into evidence. The OAH ultimately entered a final order on September 6, 2019, which affirmed petitioner's revocation of respondent's licenses.

On October 5, 2019, respondent appealed the matter to the Circuit Court of Berkeley County. The circuit court reversed the OAH's final order, in part, finding that it was troubling that the DMV's file was relied upon by the OAH where the investigating and processing officers did not testify. The circuit court found that "[t]hese officers had first hand knowledge and their failure to testify at the hearing, in the [c]ourt's view, implicates [respondent's] due process rights to a full and fair hearing." Further, the circuit court found "it troubling that the DMV was allowed by the hearing examiner to proceed only upon the investigating officer's paperwork, without testimony, and that [respondent] was denied the ability to cross-examine the author of said documentation on the witness stand."

Petitioner filed this appeal challenging the circuit court's March 25, 2020, order. On appeal, petitioner raised two assignments of error. First, petitioner argues that the circuit court erred in finding that the absence of the officers at the hearing implicates respondent's due process rights. Next, petitioner claims that the circuit court erred in substituting its judgment for the OAH and failed to give deference to the factfinder's credibility determinations. We will address these assignments below.

In *Frazier v. Fouch*, No. 19-0350, 2020 WL 7222839 (W. Va. Nov. 6, 2020), we reiterated the standard of review to govern this matter.

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

> "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

Syl. Pts. 1 and 2, *Fouch*. Guided by this standard, we review petitioner's arguments.

Petitioner initially argues that the circuit court erred when it found that the absence of the investigating officer at the hearing implicates respondent's due process rights. Petitioner maintains that there is no requirement that the investigating officer appear at the hearing. Respondent

suggests that these findings from the circuit court are merely dicta and are not a legal ruling.[2] Our review of the record, however, suggests that the court's order contained erroneous findings. Consistent with our ruling in *Fouch*, we agree with petitioner.

In Syllabus Point 3 of *Fouch*, we held:

> "In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C-5A-1(b) (2004) (Repl. Vol. 2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)." Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles,* 219 W. Va. 70, 631 S.E.2d 628 (2006).

In *Fouch*, we found that the circuit court erred by ruling that the DMV's file, including the DUI information sheet, should not have been admitted into evidence and considered by the OAH. The *Fouch* Court also addressed earlier memorandum decisions from this Court wherein we discussed that the admission of the DMV file is mandatory before the OAH. Specifically, the *Fouch* decision referenced our 2018 decision where we noted

> [w]e have previously stated that "[w]ithout a doubt, the Legislature enacted W. Va. Code § 29A-5-2(b) with the intent that it would operate to place into evidence in an administrative hearing ['a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself.[']" *Crouch*, 219 W.Va. [at] 76, 631 S.E.2d [at] 634. As evidenced by the use of the word "shall," admission of the evidence identified in the statute is mandatory. *Id.* The secondary chemical test result was in the DMV's possession, and the DMV sought to avail itself of the result. Accordingly, the result of the secondary chemical test should have been admitted into evidence, subject to a rebuttable presumption as to its accuracy. *Id.* at 76, n.12, 631 S.E.2d at 634, n.12 ("We point out that the fact that a document is deemed admissible under the statute does not preclude the contents of the document from being challenged during the hearing. Rather, the admission of such a document into evidence merely creates a rebuttable presumption as to its accuracy.").

*Fouch*, 2020 WL 7222839, at *6 (quoting *Reed v. Lemley*, No. 17-0797, 2018 WL 4944553, at *4 (W. Va. Oct. 12, 2018) (memorandum decision)).

As we noted in *Fouch*,

> [t]he clear, unambiguous language of [West Virginia Code § 17C-5A-2(c)(3)] provides that 'the party' seeking to compel a witness to appear at an OAH hearing

---

[2] Respondent filed two motions concerning her response brief, a motion to file the response out of time and a motion to exceed the page limitation. We have reviewed these submissions and hereby grant respondent's motions.

has the responsibility to request the subpoena, and the responsibility to petition the circuit court for enforcement of the subpoena when the witness fails to appear.

*Fouch*, 2020 WL 7222839, at *8. If respondent had wanted to procure the appearance of the officers at the OAH evidentiary hearing, respondent should have subpoenaed the officers. Here, there is no evidence that respondent attempted to subpoena the officers; instead, respondent objected to petitioner's requested continuance when the officers failed to appear. Consistent with the *Fouch* decision, the circuit court's order was erroneous to the extent that it found that the officers' failure to testify at the OAH hearing implicated respondent's due process rights to a full and fair hearing.

Next, petitioner argues that the circuit court erred in substituting its judgment for the OAH and failed to give deference to the factfinder's credibility determinations. Since we have determined that the circuit court's ruling ran afoul of our recent holding in *Fouch*, this case requires remand for consideration in light of the *Fouch* decision. Accordingly, we decline to address any issues as to credibility at this time.

For the foregoing reasons, the circuit court's March 25, 2020, order is hereby reversed, and the case is remanded for entry of an order consistent with the *Fouch* decision.

Reversed and remanded.

**ISSUED:** February 19, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton